# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 15-346 |
| Plaintiff | : | |
| v. | : | |
| HERBERT VEDERMAN | : | |
| Defendant | : | |

**ORDER**

AND NOW, this \_\_\_\_ day of _____, 2019, upon the Motion of Herbert Vederman for an Extension of the Scheduling Order, it is hereby **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

_____
The Honorable Harvey Bartle, III

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 15-346 |
| Plaintiff | : | |
| v. | : | |
| HERBERT VEDERMAN | : | |
| Defendant | : | |

## MOTION FOR EXTENSION OF SCHEDULING ORDER

Defendant, Herbert Vederman, by and through undersigned counsel, hereby submits the following Motion for Extension of the Sixth Scheduling Order and, in support thereof, avers as follows:

1. On July 29, 2015, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Herbert Vederman, among others, with one count of Conspiracy to Commit Racketeering under 18 U.S.C. § 1962(d) (Count 1); Conspiracy to Commit Honest Services Fraud pursuant to 18 U.S.C. § 371 (Count 16); Bribery pursuant to 18 U.S.C. § 201(b)(1) (Count 18); Bank Fraud pursuant to 18 U.S.C. §§ 1322 and 2 (Count 19); False Statement to Financial Institutions pursuant to 18 U.S.C. §§ 1014 and 2 (Count 20); Falsification of Records pursuant to 18 U.S.C. §§ 1519 and 2 (Count 21); Money Laundering pursuant to 18 U.S.C. §§ 1957 and 2 (Count 22); and Money Laundering Conspiracy pursuant to 18 U.S.C. § 1956(h) (Count 23).

2. On June 21, 2016, a jury convicted Mr. Vederman of all eight counts charged against him.

3. On October 20, 2016, the Court entered an Order granting in part Mr. Vederman's motion for judgment of acquittal, dismissing Conspiracy to Commit Racketeering under 18 U.S.C. § 1962(d) (Count 1) and ); False Statement to Financial Institutions pursuant to 18 U.S.C. §§ 1014 and 2 (Count 20).

4.       On January 16, 2019, the Third Circuit Court of Appeals vacated Mr. Vederman's convictions for Conspiracy to Commit Honest Services Fraud pursuant to 18 U.S.C. § 371 (Count 16); Bribery pursuant to 18 U.S.C. § 201(b)(1) (Count 18); Money Laundering pursuant to 18 U.S.C. §§ 1957 and 2 (Count 22); and Money Laundering Conspiracy pursuant to 18 U.S.C. § 1956(h) (Count 23) and reinstated Mr. Vederman's conviction for Bank Fraud pursuant to 18 U.S.C. §§ 1322 and 2 (Count 19); False Statement to Financial Institutions pursuant to 18 U.S.C. §§ 1014 and 2 (Count 20).

5.       On March 26, 2019, the Court entered an Order designating this matter complex "due to the nature of the prosecution and other complexity," and extending the deadlines otherwise applicable under the Speedy Trial Act.

6.       According to the Sixth Scheduling Order issued in this matter that same day, Defendant must file pretrial motions on or before June 28, 2019 and the retrial of Defendant on counts 16, 18, 22 and 23 of the Indictment is scheduled to commence on September 5, 2019.

7.       On May 1, 2019, Defendant, Herbert Vederman, retained the undersigned counsel and Ballard Spahr LLP to represent him in connection with his retrial in the above-captioned matter.

8.       That same day, the undersigned counsel, David L. Axelrod, Stephen R. Stigall, and Terence M. Grugan entered their appearances to represent Herbert Vederman (Dkt. Nos. 720, 721, 722, respectively).

9.       Mr. Vederman's counsel, David Axelrod, began trial in the Southern District of New York on May 13, 2019 that is likely to conclude on May 30, 2019.  Counsel is scheduled to begin a criminal securities trial in the District of Massachusetts on October 7, 2019 in *United States v. Francis Reynolds*, 18-cr-10154, and the government has stated that trial will last at least

one month.  Given the length and complexity of that trial, it will involve significant pretrial preparation and activity that will conflict with the trial of this matter.

10. In light of counsel's current and upcoming trial schedule and the undersigned's recent engagement in this matter, we respectfully request a brief extension of the Sixth Scheduling Order to allow counsel sufficient time to become familiar with the Government's evidence in this case, prepare any necessary pretrial motions and effectively and adequately prepare for trial.

11. Accordingly, we respectfully request the Court adjourn the pretrial motion deadline by 90 days to September 26, 2019 and schedule trial to commence on January 6, 2020.

12. The undersigned has discussed this matter and the nature of counsel's scheduling conflict and Defendant's request with counsel for the Government.  Government counsel explained that while the Government will consent to rescheduling the trial for late November or December, it will not agree to extend the trial of this matter until January 2020.

13. Nevertheless, Defendant respectfully requests that Court grant the instant Motion and issue a Scheduling Order requiring pretrial motions to be filed on or before September 26, 2019 and retrial to commence on January 6, 2020.

Dated: May 28, 2019

Respectfully submitted,

/s/ David L. Axelrod
David L. Axelrod (I.D. No. 323792)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.665.8500
F: 215.864.8999
*Attorney for Defendant Herbert Vederman*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of May, 2019, a true and correct copy of the foregoing Motion for Extension of Scheduling Order was served upon all counsel of record through the Court's electronic filing system.

                                                        */s/ Terence M. Grugan*
                                                        Terence M. Grugan