# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 15-346 |
| v. | Hon. Harvey Bartle, III |
| HERBERT VEDERMAN, | Reply Memorandum |
| Defendant. | |

## DEFENDANT HERBERT VEDERMAN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RELEASE PENDING APPEAL

David L. Axelrod
R. Stephen Stigall
Terrence Grugan
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Jacob M. Roth (*pro hac vice*)
yroth@jonesday.com
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
(202) 879-7658

*Counsel for Herbert Vederman*

In its opposition to Vederman's motion for bond pending appeal, the Government admits that Vederman does not pose a flight risk or any threat to the community. Dkt. 755 ("Opp.") at 9. However, the Government maintains that Vederman's appeal does not raise a "fairly debatable" question. *Id.* (quoting *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986).

The Government is wrong. As Vederman has explained, his only remaining convictions—for aiding and abetting Rep. Fattah's bank fraud and false statements to a financial institution—were argued and charged to the jury as *derivative of* his alleged bribery of Fattah. The Government told the jury that the representations to CUMA about the source of the $18,000 were false, material, and intended to influence the lender because those representations *concealed an illicit bribe*, which would have caused CUMA to reject the loan application. Dkt. 753-2 ("Mot.") at 3. And this Court expressly instructed the jury that the alleged fraud was a scheme "to disguise a bribery payment." *Id.* at 4. Even at sentencing on Counts 19-20, this Court continued to view the alleged *bribery* as the critical underlying conduct that, in the Court's view, merited a sentence 400% of the maximum Guidelines range for Counts 19-20 and twice the recommendation of the Government.

Given all of that, and in light of the Third Circuit's determination that the jury might have found the $18,000 to be a bribe based on this Court's erroneous jury instructions, *United States v. Fattah*, 914 F.3d 112, 155-57 (3d Cir. 2019), the same error obviously taints the jury's verdicts on Counts 19-20. Having erroneously found the $18,000 to be a bribe, the jury might have gone on to find that Fattah's representations to CUMA *fraudulently concealed* that "bribe." Meanwhile, a properly instructed jury might have found that no bribe occurred, and might then have gone on to find that Fattah's representation about the source of the $18,000 was true, material, or not intended to influence the loan decision. A new trial is therefore required, as in *United States v. Arthur*, 544 F.2d 730, 734-36 (4th Cir. 1976), which the Government continues to ignore.

The Government responds in two ways, but both of its arguments are misguided. *First*, the Government insists that the convictions do not "necessarily" rest on a bribery predicate. That is neither disputed nor relevant. When jury instructions are erroneous, it is the Government that must prove, beyond a reasonable doubt, that the error *did not* affect the verdict. That is a showing that the Government does not and cannot make, in light of how it consistently linked the counts—in the indictment, opening argument, witness examinations, closing argument, and jury instructions. *Second*, the Government contends that the Third Circuit has already rejected this argument. But it cannot identify anything in the appellate opinion doing so, and it is evident from the procedural history that the Third Circuit just declined to consider in the first instance an alternative argument that this Court had not yet had opportunity to address. The argument is now ripe, and it is certainly (at minimum) a "substantial" and "debatable" one that warrants release pending appeal.

**1.** The Government spends most of its brief arguing that a jury *could have* convicted Vederman on Counts 19-20 even *without* finding a bribe. To that end, it points to evidence that the car sale was a "sham"; explains that a bribe "is not an element" of bank fraud; and speculates that the jury could have found that representing the $18,000 as a car sale was material and designed to influence CUMA even if the money was a gift. *See* Opp. at 13-15. From this, the Government denies that the jury "necessarily found" that the fraud was concealment of a bribe. *Id.* at 11.

But that is not the legal standard. Vederman does not need to show that the jury *necessarily* depended on the erroneous bribery instructions to convict on Counts 19-20. And Vederman does not need to show that a properly instructed jury *could not have* convicted on Counts 19-20. Instead, when jury instructions are legally erroneous (as here), the convictions must be vacated and a new trial held unless *the Government* establishes—beyond a reasonable doubt—that the error "did not contribute to the verdict." *United States v. Wright*, 665 F.3d 560, 570 (3d Cir. 2012). Indeed, that

is why the Third Circuit vacated the bribery and derivative money-laundering convictions despite holding that there was sufficient evidence for a properly instructed jury to convict on bribery. *See Fattah*, 914 F.3d at 154-59. Vederman is legally entitled to have that decision made by a properly instructed jury, one that is not led astray by an overbroad definition of bribery. That was true of the bribery and money-laundering counts, and it is equally true of Counts 19-20, given the way the Government and the jury instructions offered the bribery as a potential predicate.[1]

In short, the question is not whether the jury *did* rely on the flawed bribery instructions or whether a properly instructed jury *could* convict Vederman at a retrial. The question instead is whether it is *possible* that the flawed bribery instructions at the 2016 trial infected the jury's review of Counts 19-20. Again, in light of how the Government and this Court interlinked these counts at trial and in the jury instructions, that is clearly—at minimum—a "substantial question."

**2.** The Government also argues that the Third Circuit "already rejected Vederman's claim that his conviction for the financial institution counts depended upon a bribery conviction." Opp. at 14. But the Government tellingly does not cite the Third Circuit's opinion for that claim— because the Third Circuit's lengthy and comprehensive opinion said *not a word* about this.

Since it cannot identify any part of the Third Circuit's opinion rejecting this argument, the Government retreats to claiming that the Court of Appeals "necessarily" did so *implicitly*, because Vederman had raised this argument among "alternative grounds supporting acquittal" on Counts

---

[1] In a footnote, the Government characterizes the joint sentencing stipulation as an "admission[]" that Vederman "participated in conduct constituting bribery." Opp. 11 n.3. That is a mischaracterization. Vederman admitted to giving benefits to Fattah and his family (as has always been undisputed). And he admitted that the Government, at a retrial, would be able to prove that *Fattah* took official acts in exchange. Dkt. 748-1. But Vederman certainly did not admit—and never would admit—that he gave the benefits with corrupt intent or to influence Fattah's official acts. He did not. Regardless, this stipulation about what the Government *could prove at a retrial* has no legal relevance here, where the question is whether the verdict *at the original trial in 2016* was influenced by the erroneous bribery instructions.

3

19-20.  Opp. at 10-11.  As Vederman has explained, however, a Court of Appeals has no obligation to address alternative grounds to affirm (and this was actually an alternative ground for *other* relief, namely a new trial).  Moreover, this issue—unlike the other alternative arguments that Vederman advanced, which the Third Circuit rejected *explicitly*—is not one this Court had already addressed in the first instance.  *See* Mot. at 13.  In that situation, the appellate court typically will leave the matter for remand.  *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).  That is what happened here.

In short, given that the admitted instructional error so obviously had the potential to taint the jury's consideration of Counts 19-20, it is not reasonable to read the Third Circuit's otherwise-comprehensive opinion as rejecting this argument *sub silentio*.  And, in all events, the Third Circuit is now poised to consider the question directly.  The issue is whether the question being presented to the Third Circuit is a "substantial" or "debatable" one.  It undeniably is.

For these reasons, the Court should grant Vederman release pending appeal.

September 12, 2019

      *s/ David L. Axelrod*
      David L. Axelrod
      R. Stephen Stigall
      Terrence Grugan
      Ballard Spahr LLP
      1735 Market Street, 51st Floor
      Philadelphia, PA 19103
      (215) 665-8500

      Jacob M. Roth (*pro hac vice*)
      yroth@jonesday.com
      JONES DAY
      51 Louisiana Avenue NW
      Washington, DC 20001
      (202) 879-7658

      *Counsel for Herbert Vederman*

**CERTIFICATE OF SERVICE**

    I, David L. Axelrod, hereby certify that on this date I electronically filed the foregoing document with the CM/ECF system, which accomplishes service upon all parties to this action. The foregoing document is available for viewing and downloading from the ECF system.

September 12, 2019

                                            *s/ David L. Axelrod*
                                            David L. Axelrod

                                            *Counsel for Herbert Vederman*