IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| HERBERT VEDERMAN | : | NO. 15-346-2 |

<u>MEMORANDUM</u>

Bartle, J.                                             September 18, 2019

   Defendant Herbert Vederman has moved for release pending appeal pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3143(b).

   Vederman, a businessman and close associate of former Congressman Chaka Fattah, Sr., was charged along with Fattah and several others in a twenty-nine count indictment alleging various crimes related to political corruption.  Specifically, Vederman was charged with the following offenses:  conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit bribery, in violation of 18 U.S.C. § 371 (Count 16); bribery, in violation of 18 U.S.C. § 201(b)(1) (Count 18); bank fraud, in violation of 18 U.S.C. §§ 1344 and 2 (Count 19); false statements to a financial institution, in violation of 18 U.S.C. §§ 1014 and 2 (Count 20); falsification of records, in violation of 18 U.S.C. §§ 1519 and 2 (Count 21); money laundering, in violation of 18 U.S.C. §§ 1957 and 2 (Count 22); and money

laundering conspiracy, in violation of 18 U.S.C. § 1956(h) (Count 23).

After a nearly month-long trial, the jury found Vederman guilty on all eight counts against him. Thereafter, this court granted his motion under Rule 29 for judgment of acquittal on the RICO charge in Count 1, bank fraud charge in Count 19, the making of a false statement to a financial institution charge in Count 20, and the falsifying records charge in Count 21. It denied his post-trial motions with respect to Counts 16, 18, 22 and 23 and sentenced him to concurrent sentences of two years imprisonment and a $50,000 fine.[1]

The Government did not appeal this court's rulings on Counts 1 and 21, and they are not relevant to our discussion here. The Court of Appeals reversed Vederman's convictions on Counts 16, 18, 22 and 23 as a result of the Supreme Court's decision in McDonnell v. United States, 136 S. Ct. 2355 (2016), which was handed down a few days after the jury returned its verdict of guilty. The Court of Appeals, however, held that there was sufficient evidence for a retrial on these four

---

1. The court allowed Vederman to remain free pending appeal because of the substantial questions raised by the Supreme Court's decision in McDonnell v. United States, 136 S. Ct. 2355 (2016). Those questions have now been resolved and are no longer relevant.

counts.  United States v. Fattah, 914 F.3d 112, 159-60 (3d Cir. 2019).

As noted above, this court had granted Vederman his post-trial motion for judgment of acquittal on Counts 19 and 20 of the indictment for bank fraud and false statements to a financial institution.  It had done so on the ground that the Credit Union Mortgage Association ("CUMA"), the allegedly defrauded entity, was not a financial institution under § 1344 and § 1014.  Our Court of Appeals disagreed and held that CUMA was encompassed within these statutory provisions.  Fattah, 914 F.3d at 182-85.  The Court of Appeals went beyond this narrow legal issue on which this court has rested its judgment of acquittal.  It also found that there was sufficient evidence to convict and that no prejudicial spillover occurred from the RICO and bribery counts.  Id. at 185-89.  It reinstated the convictions on Counts 19 and 20 and remanded for sentencing. Id. at 189.

In accordance with the directives of the Court of Appeals, this court thereafter scheduled a new trial for Vederman on Counts 16, 18, 22 and 23 and also his sentencing on Counts 19 and 20.  The sentencing on Counts 19 and 20 was

postponed pending his retrial on Counts 16, 18, 22 and 23 which was set to begin on September 5, 2019.[2]

Less than a month before the trial was to start, events took a decidedly different course.  On August 14, 2019, the Government and defendant filed a joint motion to vacate the trial date and set a sentencing date.  The motion stated:

> The parties have now reached a resolution as to all outstanding counts that will obviate the need for trial.  Specifically, the parties have agreed to jointly recommend a term of imprisonment of 12 months and one day on the counts of conviction, Counts Nineteen and Twenty, and as part of that agreement, the government will move at sentencing to dismiss with prejudice all other counts pending against Vederman.  A copy of that agreement, which the parties will file and sign for sentencing, is attached as Exhibit 1.

The Government, in a sentencing memorandum filed a few months earlier, had urged the court to impose a more severe two-year sentence on Vederman due to the seriousness of crimes charged in Counts 19 and 20.  The jointly recommended sentence of August 14 reflected a change in the Government's position with no identified change in circumstances.

The court, after a phone conference with counsel, fixed September 5, 2019 for the sentencing hearing.  Two days

---

2.  Vederman on remand filed a renewed motion for judgment of acquittal or new trial on Counts 19 and 20.  The court deemed the motion without merit.  <u>See</u> Memorandum and Order dated March 22, 2019 (Doc. # 706 and # 707).

-4-

prior to the hearing, the "Parties' Joint Stipulated Factual Statement for Sentencing Purposes on Counts Nineteen and Twenty" was filed.  It was signed by the attorney for the Government, the attorney for the defendant, and Vederaman himself.

At the sentencing hearing, the court noted at the outset that it was its duty and responsibility and not the duty and responsibility of the parties to decide what the appropriate sentence should be.  After considering the underlying facts as to Counts 19 and 20 (including the parties' Joint Stipulated Factual Statement), the presentence report, the arguments of counsel, the advisory sentencing guidelines, the factors under 18 U.S.C. § 3553(a), and the defendant's allocution, the court rejected the sentencing recommendation of the parties for a sentence of one year and one day.  Instead, it sentenced Vederman to a term of imprisonment of two years on each count to run concurrently to be followed by concurrent one-year terms of supervised release.  A $50,000 fine and a $200 special assessment were also imposed.  The court explained in detail why it prescribed the sentences it did.  Vederman was directed to self-surrender on November 4, 2019.

On the motion of the Government at the end of the sentencing hearing, the court dismissed Counts 16, 18, 22 and 23.  The next day, September 6, 2019, Vederman docketed a notice of appeal.  He also filed his motion, now before the

court, for release pending appeal. The Government opposes the motion.

The Bail Reform Act provides that the court must detain pending appeal a defendant who has been found guilty and sentenced unless that defendant proves:

> (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) that his or her "appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -- (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

See 18 U.S.C. § 3143(b).

Our Court of Appeals has explained that under § 3143(b) there is a presumption against bail pending appeal. To overcome the presumption, the defendant must establish:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a

-6-

> new trial of all counts on which
> imprisonment has been imposed.

United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985).  The Court recognized that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances."  See id. at 22 (quoting H.R. Rep. No. 91-907, at 186-87 (1970)).

We first find that Vederman has established by clear and convincing evidence that he is not likely to flee or to pose a danger to any person or the community.

Section 3143(b) also requires the court to determine whether defendant has established that there are any questions which are substantial so as to constitute circumstances for release pending appeal.  To be substantial, our Court of Appeals "requires that the issue on appeal be significant in addition to being novel, not governed by controlling precedent or fairly doubtful."  See United States v. Smith, 793 F.2d 85, 88 (3d Cir. 1986)(emphasis omitted).  The absence of controlling precedent is not itself enough to meet this test.  See id.  A question is substantial if the defendant can demonstrate that it is "fairly debatable" or is "debatable among jurists of reason."  See id. at 89 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); United States v. Handy, 761 F.2d 1279, 1281-82 (9th Cir.

1985)).  A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous." See Smith, 793 F.2d at 89 (quoting Handy, 761 F.2d at 1282 n.2).  Whether a question is substantial should be made on "a case-by-case basis."  See id. (quoting Handy, 761 F.2d at 1281-82).

The crimes charged in Counts 19 and 20, on which Vederman was sentenced, involve fraud on and the making of false statements to CUMA.  It was CUMA from which defendant Chaka Fattah, Sr. and his wife were seeking to obtain a mortgage for a vacation home in the Poconos.  The Fattahs needed additional money to consummate the closing and turned to Vederman for help.  Fattah and Vederman engaged in the sham sale of the Fattahs' Porsche to Vederman for $18,000.  While Vederman wired the $18,000 to Fattah, Vederman never took possession or control of the Porsche.  At all times, it remained in the possession and control of the Fattahs just as if nothing had changed.  They continued to service it, insure it, drive it, and keep it in their garage.  Fattah and Vederman falsely advised CUMA that the sale was legitimate when it was not.  Without the $18,000 from Vederman, the Fattahs could not have settled on their vacation home.

In essence, Vederman argues that the court's erroneous jury instructions on the bribery and money laundering charges in

Counts 16, 18, 22 and 23 as a result of the Supreme Court's subsequent decision in McDonnell tainted the convictions on Counts 19 and 20 and compel a new trial. There is no substance to this argument.

Vederman, we note at the outset, has not argued that this court's instructions to the jury on Counts 19 and 20 were erroneous. Instead, Vederman, on the Government's cross-appeal, asserted that this court was correct in holding that CUMA was not a financial institution and that even if CUMA were a financial institution there was no evidence that he had made a false representation to it about his purchase of the Fattahs' Porsche. In addition to determining CUMA to be a financial institution, the Court of Appeals ruled that the evidence was sufficient on Counts 19 and 20 for conviction. It held, "[c]onsidered in the light most favorable to the Government, the totality of the evidence is sufficient to support the jury's conclusion that the Porsche sale was a sham." Fattah, 914 F.3d at 186. Significantly, Vederman concedes that his pending motion does not depend upon there being insufficient evidence at the trial to convict.

The gravamen of Vederman's argument for release pending appeal seems to be his assertion that there was prejudicial spillover between Counts 1, 16, 18, 22 and 23 and Counts 19 and 20. The Court of Appeals has already rejected

-9-

this position.  After detailed analysis, it "conclude[ed] that Vederman's spillover argument is unavailing." Id. at 189.  The Court explained that no matter what the reason, "submitting fraudulent information to a financial institution is unlawful." Id. at 189.  For Counts 19 and 20, it is not essential that the $18,000 payment to Fattah constituted a bribe.  Id. at 189.

The defendant summarizes his argument to delay reporting to prison as follows:  "[the Court of Appeals' failure] to order a new trial on Counts 19-20 simply reflects its decision not to reach underdeveloped issues that were not previously addressed by this Court."  See Defendant's Memorandum In Support Of His Motion For Bail Pending Appeal (Doc. # 753-2 at 13).  There is no basis for defendant's statement.  If underdeveloped issues existed for consideration by this court, the Court of Appeals would surely have said so.  If his interpretation is correct, there would have been no reason for the Court of Appeals to have "reinstated" his convictions and "remanded for sentencing on those counts."  In sum, there is no substantial question about the validity of Vederman's convictions on Counts 19 and 20.

It further appears that defendant is maintaining that his release pending appeal is appropriate because this court sentenced him to two years in prison and rejected the jointly recommended sentence of one year and one day.  As noted above,

while the parties did not file the usual sentencing memoranda, they did file a Joint Stipulated Factual Statement for Sentencing Purposes on Counts Nineteen and Twenty, signed by Vederman. It included the following facts that the Government would be able to prove beyond a reasonable doubt:

> 1. Beginning no later than 2010 and continuing into 2012, Defendant Herbert Vederman provided a stream of benefits to Chaka Fattah, Sr., who was at the time a member of the United States House of Representatives, representing the 2nd Congressional District of Pennsylvania. In exchange, Fattah performed official acts for Vederman.
>
> . . .
>
> 3. Additionally, in late 2011 and early 2012, Fattah performed an official act by agreeing to hire Alexandra Zionts, Vederman's girlfriend, to work in Fattah's congressional office. By receiving a federal job in Fattah's office, Zionts avoided a break in service that would have disrupted her employment benefits. Approximately six days before Zionts was formally hired in January 2012, Vederman wired $18,000 to Fattah. That $18,000 payment allowed Fattah and his wife to purchase a vacation home in the Pocono Mountains.

Thus, this court, which is quite familiar with this case, had before it for consideration these facts constituting bribery as well as specific facts concerning the fraudulent statements to financial institutions which directly support Counts 19 and 20. To the extent the defendant relies on the length of his sentence

in support of his motion for bail pending appeal, the motion is frivolous.  See Transcript of Sentencing Hearing, at 13-16 (Sept. 5, 2019).  The defendant's unhappiness with his sentence does not equate to a substantial question for purposes of appeal.[3]

Finally, under Miller, Vederman must establish that the appeal is not for purposes of delay.  While this is rarely an issue, we agree with the Government that in this instance defendant has not met his burden.  We reach this conclusion in light of the Court of Appeals' definitive and unequivocal rulings:  (1) its finding of sufficient evidence for conviction on Counts 19 and 20; (2) its rejection of prejudicial spillover due to the reversal on Counts 16, 18, 22 and 23; (3) its reinstatement of the convictions on Counts 19 and 20; and (4) its direction to this court to sentence defendant on these counts.  In further support of this court's conclusion, defendant has advanced a frivolous argument about the length of his sentence.

The major thrust of the Bail Reform Act is to create a presumption against release pending appeal.  Vederman seeks to stand the Act on its head.  He has not shown "exceptional

---

3.  The maximum statutory sentence for each crime under 18 U.S.C. §§ 1344 and 1014 is 30 years.

circumstances" to overcome the presumption.  See Miller, 753 F.2d at 22 (quoting H.R. Rep. No. 91-907, at 186-87).

Accordingly, the motion of defendant Herbert Vederman for release pending appeal is being denied.